IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF GRAY, *individually and as Special Administrator of the Estate of Beaulah Inez Gray*, and MICHAEL GRAY,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KEVIN BAYER, *doing business as* CLAY COUNTY SPEEDWAY,<br><br>    Defendant. | Case No. 13-cv-385-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Kevin Bayer's motion for summary judgment (Doc. 26) to which plaintiffs Jeff Gray ("Jeff") and Michael Gray ("Michael") (collectively "Plaintiffs") filed responses (Doc. 31 & 35). The Court heard oral argument from the parties on June 11, 2014. For the following reasons, the Court grants in part and denies in part the motion.

1. Background

As a hobby, Michael modified vehicles for the purposes of participating in various derby races. On September 23, 2012, Michael and his mother, Beaulah Gray ("Beaulah"), participated in the powder puff race at the Clay County Speedway located in Flora, Illinois. Michael had modified their vehicle in various ways, including removing the shoulder strap of the safety belt. Beaulah drove, and Michael sat in the driver's seat. Beaulah had never participated in a high-speed race before like the incident race and there is evidence that the vehicle was wholly unsuitable for this particular race. During the incident, Michael was not wearing a seat belt and

at one point prior to the accident the car lifted approximately three feet off the ground.

Ultimately, the vehicle rolled resulting in Beaulah's death and Michael's serious injury

The parties agree that Michael and Beaulah signed a release prior to the race that states in pertinent part as follows:

> IN CONSIDERATION of being permitted to compete, officiate, observe, work, or participate in any way in the EVENT(S) or being permitted to enter for any purpose any RESTRICTED AREA (defined as any area requiring special authorization, credentials, or permission to enter or any area to which admission by the general public is restricted or prohibited), EACH OF THE UNDERSIGNED, for himself, his personal representatives, heirs, and next of kin:
>
> . . .
>
> 2. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE the promoters, participants, racing associations, sanctioning organization or any subdivision thereof, track operators, track owners, officials, car owners, drivers, pit crews, rescue personnel any persons in any RESTRICTED AREA, sponsors, advertisers, owners and leassees (sic) of premises used to conduct the EVENT(S), premises and event inspectors, surveyors, underwriters, consultants and others who give recommendations, direction or instruction or engage in risk evaluation or loss control activities regarding the premises or EVENT(S) and each of them, their directors, officers, agents, employees, representatives owners, members, affiliates, successors and assigns all for the purposes herein referred to as "Releasees," FROM ALL LIABILITY TO THE UNDERSIGNED, his personal representatives, assigns, heirs, and next of kin FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY OR RESULTING IN DEATH OF THE UNERSIGNED ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.
>
> 3. HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS the Releasees and each of them FROM ANY LOSS, LIABILITY, DAMAGE, OR COST they may incur arising out of or related to the UNDERSIGNED'S INJURY OR DEATH, WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.
>
> 4. HEREBY ASSUMES FULL RESPONSIBILITY FOR ANY RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE arising out of or related to the EVENT(S) whether caused by the NEGLIGENCE OF RELEASEES or otherwise.

> 5. HEREBY acknowledges that THE ACTIVITIES OF THE EVENT(S) ARE VERY DANGEROUS and involve the risk of serious injury and/or death and/or property damage.  Each of THE UNDERSIGNED, also expressly acknowledges that INJURIES RECEIVED MAY BE COMPOUNDED OR INCREASED BY NEGLIGENT RESCUE OPERATION OR PROCEDURES OF THE RELEASEES.
>
> . . .
>
> I HAVE READ THIS RELEASE AND WAIVER OF LIABILITY, ASSUMPTION OF RISK AND INDEMNITY AGREEMENT, UNDERSTAND ITS TERMS, UNDERSTAND THAT I HAVE GIVEN UP SUBSTANTIAL RIGHTS BY SIGNING IT, AND HAVE SIGNED IT FREELY AND VOLUNTARILY WITHOUT ANY INDUCEMENT, ASSURANCE OR GUARANTEE BEING MADE TO ME AND INTEND MY SIGNATURE TO BE A COMPLETE AND UNCONDITIONAL RELEASE OF ALL LIABILITY TO THE GREATEST EXTENT ALLOWED BY LAW.

Doc. 7-1.

Plaintiffs brought negligence and willful and wanton claims against Bayer.  In the instant motion, Bayer argues that he is entitled to judgment as a matter of law on (1) the negligence claim based on the releases signed by Michael and Beaulah; and (1) the willful and wanton claims because the pleaded actions do not constitute willful and wanton conduct.  In his response, Jeff first argues that summary judgment should not be granted on the negligence or willful and wanton claims because (1) Bayer is not included within the class of persons protected by the release language, and (2) the instant incident was not contemplated in the release.  Second, Jeff argues that even if Defendant is included within the class protected by the release, there are genuine issues of material fact as to whether Defendant's conduct was willful and wanton.  Michael filed a response in which he adopted in full Jeff's arguments.  At the hearing, however, Michael indicated he only wished to proceed on the willful and wanton claim.  The Court will now consider whether Bayer is entitled to judgment as a matter of law on either the negligence or willful and wanton claims.

2. Analysis

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. With these standards in mind, the Court will address the negligence and willful and wanton claims in turn.

      a. Negligence

Bayer first argues he is entitled to summary judgment on the negligence claims because the parties signed a release prior to the accident. Illinois law provides that parties may contract to avoid liability for a party's own negligence even in high-risk activities such as racing automobiles. *Polansky v. Kelly*, 856 F. Supp. 2d 962, 968 (S.D. Ill. 2012). Jeff, however, argues the release does not help Bayer because (1) Bayer was not included within the class specified in the release, and (2) the accident was not contemplated by the parties at the time Michael and Beaulah signed the release. The Court will consider each argument in turn.

First, the Court will address whether Bayer was included with the class specified in the release. The Court must give effect to the parties' intention when constructing a contract by looking to the language of the contract. *Schek v. Chi. Transit Auth.*, 247 N.E.2d 886 (Ill. 1969). When the contract language is clear, its interpretation is a question of law. *Platt v. Gateway Int'l Motorsports Corp.*, 813 N.E.2d 279, 283 (Ill. App. Ct. 2004). A contract is ambiguous when there is more than one reasonable interpretation of the language employed in the contract. *Id*. The language is not deemed ambiguous simply because the parties do not agree on the meaning. *Id*.

Jeff argues that the following clause of the release modifies each preceding term rather than just the term "others": "who give recommendations, direction or instruction or engage in risk evaluation or loss control activities regarding the premises or EVENT(S)." Under this interpretation, Bayer would be excluded as a protected party because he did not engage in the modifying activities. In the alternative, Jeff argues that this clause of the release is ambiguous and should be construed in favor of Plaintiffs to exclude Bayer as a class protected by the release.

In order for Jeff's argument to succeed, the Court would have to find that this clause was intended to modify every preceding class, including the following preceding classes: promoters, sponsors, and advertisers. However, promoters, sponsors, and advertisers ordinarily do not "give recommendations, direction or instruction or engage in risk evaluation or loss control activities regarding the premises." As such, it could not be the contracting parties' intent that the modifying phrase applies to each of the preceding classes. This phrase logically only modifies the term "others." Accordingly, Bayer is not excluded from the class protected by the release.

Second, Jeff argues that the instant accident was not contemplated by the parties when the release was signed. The contract must put the plaintiff "on notice of the range of dangers for which he assumes the risk of injury, enabling him to minimize the risks by exercising a greater degree of caution." *Platt v. Gateway Int'l Motorsports Corp.*, 813 N.E.2d 279, 331 (Ill. App. Ct. 2004). However, the "precise occurrence that results in injury need not have been contemplated by the parties at the time they entered into the contract." *Id*. The injury need only fall "within the scope of possible dangers ordinarily accompanying the activity and, thus, reasonably contemplated by the plaintiff." *Id*.

Here, the release broadly states that the releasing party "HEREBY acknowledges that THE ACTIVITIES OF THE EVENT(S) ARE VERY DANGEROUS and involve the risk of serious injury and/or death and/or property damage." This very broad statement clearly includes a car rolling over resulting in serious injury and death to the racers. *See Schlessman v. Henson*, 413 N.E.2d 1252 (Ill. 1980) ("The racing of automobiles at a high speed in limited areas gives rise to various situations which have resulted in the death or injury to drivers, mechanics and spectators at these events. . . .  In sum, a myriad of factors, which are either obvious or unknown, may singly or in combination result in unexpected and freakish racing accidents."). Thus, the

6

instant accident was contemplated in the broad release language signed by both Michael and Beaulah.

Because the language of the contract does not exclude Bayer as a protected class and the instant accident was contemplated by the parties at the time of contracting, the Court grants summary judgment in favor of Bayer on the negligence claim.

      b.   Willful and Wanton

Next, Bayer argues he is entitled to summary judgment on the willful and wanton claim because the pleaded acts do not constitute willful and wanton conduct. Releases of liability will not be upheld where the plaintiff establishes willful and wanton conduct on the part of the defendant. *Polansky*, 856 F. Supp. 2d at 972. "Willful and wanton conduct is found where an act was done with actual intention or with a conscious disregard or indifference for the consequences when the known safety of the other persons was involved." *Id*. (quoting *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 593 N.E.2d 522 (Ill. 1992). According to the Illinois Supreme Court,

> [a] willful and wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care.

*Am. Nat'l Bank & Trust Co. v. City of Chi.*, 735 N.E.2d 551 (Ill. 2000) (quoting *Ziarko v. Soo Line R.R. Co.*, 641 N.E.2d 402 (Ill. 1994)).

Here, Plaintiffs have not presented any evidence that Bayer intentionally caused the accident. However, Michael's testimony indicates he was not wearing a seatbelt and that an individual from the raceway inspected and looked in the vehicle. From this evidence, a reasonable jury could conclude that the raceway demonstrated "a reckless disregard" for

7

Michael's safety by allowing him to engage in high-speed racing without a seatbelt.  Further, there is evidence that the car lifted nearly three feet off the ground in a lap prior to the lap in which Beaulah and Michael crashed.  From that evidence, a jury could conclude the raceway demonstrated a reckless disregard when officials failed to stop Beaulah and Michael and prohibit them from further racing.  Thus, viewing the evidence in the light most favorable to Plaintiffs, the Court denies Bayer's motion for summary judgment on the willful and wanton claim.

3. Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Bayer's motion for summary judgment (Doc. 26).  Specifically, the Court grants the motion with respect to the negligence claim and denies the motion with respect to the willful and wanton claim.

**IT IS SO ORDERED.**

**DATED:** July 14, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
